IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00878-CMA-MEH

QUANG MINH LIEN,

    Petitioner,

v.

JEFFERSON SESSIONS, Attorney General of the United States JEFFRY LYNCH, ICE Field Director
JOHN CHOATE, Geo Group Ice Detention Facility, and
KIRSTJEN NIELSON, Secretary, United States Department of Homeland Security,

    Respondents.

---

**ORDER DENYING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER**

---

Before the Court is Petitioner Quang Minh Lien's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition," Doc. # 1) and Motion for Temporary Restraining Order ("the TRO Motion," Doc. # 20), in which Petitioner challenges the validity of his detention with U.S. Immigration and Customs Enforcement (ICE) as being "in violation of the Constitution, laws, or treaties of the United States." (Doc. # 1 at 11.) The Respondents filed a response to the TRO Motion on June 5, 2018. (Doc. # 32.) Because this challenge is premature, the Court denies Petitioner's Petition and dismissed this action without prejudice, thereby mooting the TRO Motion.

I.     **BACKGROUND**

Petitioner is a native and citizen of Vietnam. (Doc. # 20 at 2.) He was lawfully admitted into the United States on February 2, 2002. (Doc. # 1 at 10.) Petitioner married

1

a United States citizen and consequently applied for an adjustment to lawful permanent resident status. (*Id.*) His application was denied because his then-wife's affidavit was withdrawn and the two divorced. (*Id.*; Doc. # 32-1.) The government then initiated removal proceedings against him. (Doc. # 32-1 at ¶ 4.) An order of removal became final on December 27, 2012. (Doc. # 32-1 at ¶ 8.) In 2013, 2014, 2015, 2016, and 2017, ICE granted Petitioner's requests for one-year discretionary stays of removal. (*Id.* at ¶¶ 9–12.) On March 28, 2018, after Petitioner's most recent stay of removal expired, ICE took Petitioner into custody. (*Id.* at ¶ 13; Doc. # 32-4.) Petitioner challenges this detention. He adds that he has filed a request for a stay of removal (among other requests for relief) but that the government "has made no response or answer to any of [his] requests." (Doc. # 20 at 3.) Petitioner therefore requests an order directing the Respondents to release him from custody and adjudicate his requests for a stay or other relief from removal. (*Id.* at 13.)

## II.  **STANDARD OF REVIEW**

An application for habeas corpus pursuant to 28 U.S.C. § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas." (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001))).

## III. ANALYSIS

Petitioner challenges the Respondents' authority to detain him under 8 U.S.C. § 1231(a). Specifically, Petitioner contends that he is "not subject to mandatory detention" and that the Respondents have no facts to support that his continued discretionary detention is justified. (Doc. # 1 at 12.) In his TRO motion, Petitioner adds that he is "entitled to a preliminary injunction and immediate restraining order preventing and enjoining continued ICE detention." (Doc. # 20 at 3.) In their response to Petitioner's TRO Motion, Respondents contend that the Petitioner's habeas corpus petition is not yet ripe for judicial review and that his TRO motion should also be denied accordingly. The Court agrees.

Ripeness is a justiciability doctrine "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993). The ripeness inquiry "focuses not on whether the plaintiff was in fact harmed, but rather whether the harm asserted has matured sufficiently to warrant judicial intervention." *Morgan v. McCotter*, 365 F.3d 882, 890 (10th Cir. 2004). In other words, the Court must determine "whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1097 (10th Cir. 2006).

After an order of removal becomes administratively final, the Attorney General "shall detain" the non-citizen during the 90-day removal period established under 8 U.S.C. § 1231(a)(2). *See Zadvydas*, 533 U.S. at 683; *see also Morales-Fernandez v. INS*, 418 F.3d 1116, 1123 (10th Cir. 2005). Generally, the government is required to

remove the non-citizen held in its custody within the 90-day removal period. See 8 U.S.C. § 1231(a)(1)(A)–(B). While the government may detain an inadmissible non-citizen beyond the statutory removal period, *see id.* § 1231(a)(6), the government may not detain such a non-citizen indefinitely. *Zadvydas*, 533 U.S. at 699. Instead, the detention of an non-citizen subject to a final order of removal for up to six months is presumptively reasonable in view of the time required to accomplish removal. *Id.* at 701. Beyond that period, if the non-citizen shows that there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Furthermore, as the period of detention grows, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* The six-month presumption does not mean that every non-citizen must be released after that time, but rather a non-citizen may be detained "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Under *Zadvydas*, Petitioner's detention of a little over two months is presumptively reasonable and does not trigger constitutional concerns. *See, e.g., Novitskiy v. Holm*, No. 12-CV-00965-MSK, 2013 WL 229577, at *6 (D. Colo. Jan. 22, 2013) (citing *Chance v. Napolitano*, 453 Fed. Appx. 535, 536 (5th Cir. 2011) (holding that district court did not err in finding that petitioner's challenge to his continued post removal detention was premature where petitioner had not been in post removal order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*)); *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1051–52 (11th Cir. 2002).

Moreover, even if it did, Petitioner presents no argument to suggest that there is not a significant likelihood of removal in the reasonably foreseeable future. To the contrary, Respondents contend that they are in frequent contact with the Vietnamese Consulate, which "has not declined to issue a travel document for the Petitioner," adding that "ICE does not foresee any impediments to Petitioner's return to Vietnam once a travel document is issued." (Doc. # 32-1 at ¶ 18.) Petitioner even concedes that "there is no question that the government can take [him into] custody . . . [and] can hold him while they attempt to gain travel documents for his removal." (Doc. # 1 at 12.)

The Court also denies Petitioner's request that this Court order Respondents to address his requests for relief from removal. This request is vague, without any supporting legal authority, and partially moot. Indeed, Respondents represent that, on April 13, 2018, ICE denied Petitioner's latest request for a stay. To the extent that any of Petitioner's requests remain unadjudicated, this Court has the authority to review agency action that is either: (1) made reviewable by statute; or (2) a "final" action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. This Court does not, therefore, have the authority in these circumstances to compel Respondents to act as Petitioner requests.

Accordingly, the Court finds premature Petitioner's claim challenging the constitutionality of his current detention under 8 U.S.C. § 1231. If necessary, Petitioner may file a new petition after expiration of the six-month period.

### IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS that the Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is DENIED as unripe and

5

this action is DISMISSED WITHOUT PREJUDICE.  The Court also VACATES the TRO hearing set for Friday, June 8, 2018.

DATED: June 6, 2018　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　CHRISTINE M. ARGUELLO
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge